**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KIMBERLY DANIELS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-7155** |
| | : | |
| **LETITIA SANTARELLI, *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER**

**AND NOW**, this 16th day of October 2026, upon consideration of *pro se* Plaintiff Kimberly Daniels's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), Complaint (ECF No. 2), and Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 3), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* (ECF No. 1) is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. For the reasons explained in the Court's accompanying Memorandum, the Complaint is **DISMISSED WITHOUT PREJUDICE**.

4. Daniels's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 3) is **DENIED**.

5. Daniels may file an amended complaint within thirty (30) days of the date of this Order in the event she can cure the defects the Court has identified in her claims. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Daniels's claims against each defendant. The amended complaint shall be a complete document that **does not rely** on the initial Complaint, or other papers filed in this case to state a claim. When

drafting her amended complaint, Daniels should be mindful of the Court's reasons for dismissing the claims in her Complaint as explained in the Court's Memorandum.

6. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. The Clerk of Court is **DIRECTED** to send Daniels a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Daniels may use this form to file her amended complaint if she chooses to do so.

8. If Daniels does not wish to file an amended complaint and instead intends to stand on her Complaint as originally pled, she may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, [s]he may file an appropriate notice with the district court asserting h[er] intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9. If Daniels fails to file any response to this Order, the Court will conclude that Daniels intends to stand on her Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing her to take action to cure a defective complaint).

**BY THE COURT:**

*[signature]*

**MARY KAY COSTELLO, J.**

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her amended complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See, e.g., Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that [s]he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).